# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **PILLAR VISION, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| **INFOMOTION SPORTS** ) | |
| **TECHNOLOGIES, INC.** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Pillar Vision, Inc. ("Pillar Vision" or "Plaintiff") for its complaint against Defendant InfoMotion Sports Technologies, Inc. ("InfoMotion" or Defendant) states the following:

### NATURE OF ACTION

1. This is an action for patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2. Plaintiff Pillar Vision, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business at 151 Hedge Road, Menlo Park, California 94025. Noah Basketball, a Pillar Vision operating division, is located at 317 W. Market Street, Athens, AL 35611.

02773300.2

3. Upon information and belief, Defendant InfoMotion Sports Technologies, Inc. is a Massachusetts corporation with its principal place of business at 6625 Dublin Center Drive, Dublin, OH 43017.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a), as it involves substantial claims arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

5. The Court has both general and specific personal jurisdiction over Defendant because Defendant maintains continuous and systematic commercial contacts within the State of Alabama. Defendant has purposefully solicited business in the State of Alabama and, on information and belief, entered into contracts resulting in the distribution of Defendant's goods, including the goods made the subject of this Complaint, throughout the State and this District.

6. Through these activities, Defendant has purposefully availed itself of the opportunity to conduct commercial activities in this forum.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL ALLEGATIONS**

8. Plaintiff Pillar Vision Applied is engaged in the design, development and delivery of apparatus and methods for sports training. In furtherance of these

efforts, Pillar Vision has developed and marketed a trajectory detection, analysis and feedback system that analyzes the trajectory of an object launched by a human and provides feedback information regarding the trajectory to the human.

9. This "Trajectory Detection and Feedback System" is protected by U.S. Patent No. 8,622,832 ("the '832 Patent"), a copy of which is attached as Exhibit A.

10. Pillar Vision is the owner of the '832 Patent.

11. Defendant has used, offered for sale, and sold in Alabama and throughout the United States and continues to use, offer for sale, and sell equipment and related software including, without limitation, the "94Fifty Sensor Basketball" and related downloadable app (collectively, the "InfoMotion Equipment"), the use of which infringes upon the '832 Patent.

## COUNT I:
## INFRINGEMENT OF UNITED STATES PATENT NO. 8,622,832

12. Plaintiff incorporates by reference each and every allegation set forth in Paragraphs 1 through 11 above, as though fully set forth herein.

13. Upon information and belief, Defendant has used, offered for sale, and sold in Alabama and throughout the United States and continues to use, offer for sale, and sell equipment and related software, including the InfoMotion Equipment, which infringe upon the '832 patent.

14. Upon information and belief, Defendant has directly infringed, contributed to and/or actively induced infringement of the '832 patent and is continuing to directly infringe, contribute to and/or actively induce infringement by making, using, offering for sale, soliciting sales by others, enabling or assisting with sales by others of, and/or selling products, including, without limitation, the InfoMotion Equipment, which is covered by one or more claims of the '832 patent.

15. Defendant's infringement of the '832 patent is without the consent of, authority of, or license from Pillar Vision.

16. Upon information and belief, Defendant has caused and will continue to cause Pillar Vision irreparable injury and damage by infringing the '832 patent. Pillar Vision will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '832 patent.

## PRAYER FOR RELIEF

WHEREFORE, Pillar Vision respectfully requests for judgment against Defendant as follows:

i. That U.S. Patent No. 8,622,832 has been infringed;

ii. That, pursuant to 35 U.S.C. § 283, Defendant and its agents, suppliers, distributors, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under

authority from Defendant be permanently enjoined and restrained from further infringement of U.S. Patent No. 8,622,832;

iii. That, pursuant to 35 U.S.C. § 284, the Court order an award for damages for Defendant's infringement of U.S. Patent No. 8,622,832 and that such award be increased three times;

iv. That the Court declare this to be an exceptional case and award Pillar Vision its full costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

v. That the Court grant Pillar Vision such and other further relief that the Court deems just and proper.

## JURY DEMAND

Pillar Vision hereby demands a trial by jury of all issues in this case.

DATED this  8th  day of January 2014.

/s/ *Scott S. Brown*
Scott S. Brown

Attorney for Plaintiff
Pillar Vision, Inc.

02773300.2

**OF COUNSEL:**

**MAYNARD COOPER & GALE, P.C.**
1901 6th Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
E-Mail: scottbrown@maynardcooper.com


**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

InfoMotion Sports Technologies, Inc.
**c/o NATIONAL REGISTERED AGENTS, INC.**
155 Federal Street, Suite 700
Boston, MA 02110

02773300.2