IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PILLAR VISION, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>INFOMOTION SPORTS<br>TECHNOLOGIES, INC.,<br><br>      Defendant. | Civil Action No. 2:14-cv-00043-RDP<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND COUNTERCLAIMS OF
## INFOMOTION SPORTS TECHNOLOGIES, INC.

Defendant InfoMotion Sports Technologies, Inc. ("InfoMotion") answers the Complaint of Plaintiff Pillar Vision, Inc. ("Pillar Vision") as follows:

### NATURE OF THE ACTION

1.  InfoMotion admits that Pillar Vision purports to bring a claim for patent infringement under the Patent Laws of the United States. InfoMotion denies the remaining allegations in Paragraph 1.

### THE PARTIES

2.  Pillar Vision alleges that it is a corporation organized and existing under the laws of the State of California with its principal place of business at 151 Hedge Road, Menlo Park, California 94025. Pillar Vision

further alleges that Noah Basketball, a Pillar Vision operating division, is located at 317 W. Market Street, Athens, AL 35611. On these bases, InfoMotion admits the same.

3. InfoMotion admits the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. InfoMotion admits that Pillar Vision purports to bring a claim of patent infringement arising under the Patent Laws of this country. InfoMotion denies the remaining allegations in Paragraph 4.

5. InfoMotion elects not to challenge personal jurisdiction in this case. InfoMotion denies the remaining allegations of Paragraph 5.

6. InfoMotion elects not to challenge personal jurisdiction in this case. InfoMotion denies the remaining allegations of Paragraph 6.

7. InfoMotion denies that venue is proper in this District.

## FACTUAL ALLEGATIONS

8. InfoMotion lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies those allegations on that basis.

9. InfoMotion admits that U.S. Patent No. 8,622, 832 is entitled "Trajectory Detection and Feedback System," and that the '832 Patent was attached as Exhibit A to the Complaint. InfoMotion lacks knowledge or

information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 9, and therefore denies those allegations.

10. InfoMotion lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies those allegations on that basis.

11. InfoMotion markets "The World's Smartest Sports Products," including but not limited to "The First Smart Sensor Basketball," the 94Fifty Sensor Basketball. InfoMotion further admits that it has offered for sale and/or sold the 94Fifty Sensor Basketball in Alabama and throughout the United States. InfoMotion denies the remaining allegations of Paragraph 11.

12. InfoMotion incorporates its responses to Paragraphs 1–11 as though set forth fully herein.

13. InfoMotion markets and sells in Alabama and throughout the United States "The World's Smartest Sports Products," including but not limited to "The First Smart Sensor Basketball," the 94Fifty Sensor Basketball. InfoMotion denies the remaining allegations of Paragraph 13.

14. InfoMotion denies the allegations of Paragraph 14.

15. InfoMotion denies the allegations of Paragraph 15.

16. InfoMotion denies the allegations of Paragraph 16.

## GENERAL DENIAL

17. InfoMotion denies the allegations and characterizations of the Complaint unless expressly admitted.

## RESPONSE TO PRAYER FOR RELIEF

18. InfoMotion denies that Pillar Vision is entitled to any form of relief, and respectfully requests that the Court deny Pillar Vision any and all of the relief it seeks from the Court in each of the paragraphs of its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Further Answering the Complaint, InfoMotion asserts the following affirmative defenses. In addition to the affirmative defenses described below, InfoMotion specifically reserves the right to amend its Answer to allege any additional affirmative defenses as they become known through the course of discovery or otherwise.

### First Affirmative Defense: Failure to State a Claim

19. Pillar Vision's Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense: Non-Infringement

20. InfoMotion has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '832 patent.

## Third Affirmative Defense: Invalidity

21. The '832 patent is invalid for failure to comply with the United States Patent Laws, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

## Fourth Affirmative Defense: Prosecution History Estoppel

22. Pillar Vision is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the '832 patent, from asserting any construction of any of the claims of the patents-in-suit that contradicts or is inconsistent with arguments made during the prosecution of the '832 patent and/or any related patents.

## Fifth Affirmative Defense: Unclean Hands

23. On information and belief, Pillar Vision's claims for relief are barred and unenforceable, in whole or in part, on the ground that Pillar Vision has unclean hands with respect to the matters alleged therein.

### Sixth Affirmative Defense: Lack of Intent

24. InfoMotion has at all times lacked the requisite intent for a finding of indirect infringement.

### Seventh Affirmative Defense: No Irreparable Harm

25. Pillar Vision is not entitled to any form of injunctive relief at least because Pillar Vision has not suffered and will not suffer irreparable harm due to InfoMotion's conduct.

## COUNTERCLAIMS

InfoMotion pleads the following Counterclaims and makes the following allegations against Pillar Vision. InfoMotion reserves the right to amend these Counterclaims or to add additional Counterclaims as additional information becomes available and/or is discovered.

### Parties

26. InfoMotion Sports Technologies, Inc. is a Massachusetts corporation with its principal place of business at 6625 Dublin Center Drive, Dublin, OH 43017.

27. On information and belief, Pillar Vision, Inc. is a California corporation having its principal place of business at 151 Hedge Road, Menlo Park, California 94025.

## Jurisdiction and Venue

28. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

29. This Court has personal jurisdiction over Pillar Vision at least because Pillar Vision has purposefully availed itself of the privileges and benefits of conducting activities in this state and district. Upon information and belief, Pillar Vision maintains an office at 317 W. Market Street, Athens, AL 35611 and transacts business within the State of Alabama. Further, Pillar Vision consented to personal jurisdiction by commencing this action in the Northern District of Alabama.

## Patent-In-Suit

30. U.S. Patent No. 8,622,832 ("the '832 patent") is entitled "Trajectory Detection and Feedback System" and bears an issuance date of January 7, 2014.

## First Counterclaim:
## Declaratory Judgment of Non-Infringement of the '832 Patent

31. InfoMotion hereby incorporates the allegations of Paragraphs 26 through 30 as though set forth fully herein.

7

32. Pillar Vision has sued InfoMotion for patent infringement of the '832 patent. InfoMotion denies infringement. There is therefore a substantial, immediate, and continuing actual controversy between InfoMotion and Pillar Vision.

33. InfoMotion has not infringed (either directly, contributorily or by inducement or literally or under the doctrine of equivalents) any claim of the '832 patent.

**Second Counterclaim:**
**Declaratory Judgment of Invalidity of the '832 Patent**

34. InfoMotion hereby incorporates the allegations of Paragraphs 26 through 33 as though set forth fully herein.

35. Pillar Vision has sued InfoMotion for patent infringement of the '832 patent. InfoMotion denies infringement. There is therefore a substantial, immediate, and continuing actual controversy between InfoMotion and Pillar Vision.

36. The '832 patent is invalid for failing to comply with the U.S. Patent Laws, 35 U.S.C. § 1 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## **PRAYER FOR RELIEF**

WHEREFORE, InfoMotion respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. Dismiss Pillar Vision's Complaint with prejudice;

B. Declare and enter judgment that Pillar Vision take nothing by way of its Claims and is entitled to no relief;

C. Declare and enter judgment that InfoMotion has not infringed any claim of the '832 patent;

D. Declare and enter judgment that the '832 patent is invalid;

E. Declare and enter judgment that this is an exceptional case under 35 U.S.C. § 285 and award InfoMotion its costs, expenses, and attorneys' fees in this action;

F. Provide such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

InfoMotion hereby demands a trial by jury on all issues so triable.

Dated: May 27, 2014 **FISH & RICHARDSON P.C.**

By: *s/ John C. Adkisson*
John C. Adkisson (MN #266358)
*Pro Hac Vice* Pending
adkisson@fr.com
Phillip W. Goter (MN #386563)
*Pro Hac Vice* Pending
goter@fr.com
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

OF COUNSEL:
David R. Boyd (ASB-0717-D52D)
**BALCH & BINGHAM, LLP**
1901 Sixth Avenue North,
Suite 1500
Birmingham, Alabama 35203-4642
Telephone (205) 226-3451
dboyd@balch.com

Attorneys for Plaintiff INFOMOTION SPORTS TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served via CM/ECF filing this 27th day of May, 2014, upon the following:

Scott S. Brown
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203

s/ *John C. Adkisson*
Of Counsel
